

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| MASON INVESTMENT GROUP, LLC, *dba* *Lugoff Chevrolet Buick, GMC*, Plaintiff, | § § § § | |
| vs. | § § § | Civil Action No. 3:22-1940-MGL |
| GENERAL MOTORS, LLC, Defendant. | § § § | |

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART
### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION

Plaintiff Mason Investment Group, LLC (Mason) brought this action against General Motors, LLC (GM) in state court, alleging causes of action for violation of the South Carolina Dealer's Act (SCDA), S.C. Code Ann. § 56-15-10 *et seq.*; negligent misrepresentation under South Carolina law; and declaratory judgment under the South Carolina Declaratory Judgment Act (SCDJA), S.C. Code Ann. § 15-53-10, *et seq*.  GM removed the matter to this Court.  This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Pending before the Court is GM's motion for judgment on the pleadings.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court GM's motion will be granted in part and denied in part as described below.

## II.    FACTUAL AND PROCEDURAL HISTORY

As alleged in the pleadings, Mason is in the business of purchasing, owning, and operating branded motor vehicle dealerships.

Mason alleges that in 2019, it began to investigate purchasing an underperforming Chevrolet Buick GMC dealership (the Store) from a third party.  Mason thus began negotiations with GM to obtain the required approvals.  At the start of these negotiations, Mason and GM entered into a Letter Agreement stating that any discussions between the parties were preliminary and that only a written and executed agreement would bind the parties.

As part of these negotiations, Mason alleges GM representatives directed it to list, on its application, projected new vehicle sales as thirty-six units per month.  This was more than the Store was currently selling, but Mason told GM it planned to significantly increase sales, provided it received the requisite inventory from GM.  Mason understood this to mean GM would provide sufficient inventory to sell an average of thirty-six new vehicles per month.  GM also promised the Store would receive benefits if it installed a minority manager.  It avouched that it would provide support and training for the Store and its operator.

Based on these representations, Mason entered into a sales agreement to buy the store from its previous owners.  It then officially applied to GM for a service and sales agreement and received a conditional approval letter (the Conditional Approval).  The Conditional Approval stated Mason purchased the Store "based upon their independent analysis" and was "not relying upon any representation, promise, guarantee or information provided by GM" or its representatives, unless documented in the Conditional Approval.  Conditional Approval ¶ 13.

Mason finalized its purchase of the store.  Thereafter, Mason and GM entered into their Sales and Service Agreement (the Dealer Agreement).  The Dealer Agreement also included a

2

SET

clause stating that it and any other unexpired written agreements of the parties constituted all the promises made to Mason by GM.

Mason also invested in enhancements to the Store based on GM's requests and requirements.

Mason claims GM treated the Store as a "tier 3" dealership, unbeknownst to Mason, meaning it deprioritized providing Mason the promised inventory. And, GM neglected to provide the promised benefits from installing a minority manager or training and support for Mason's personnel.

Mason initiated this action against GM. GM removed the action to this Court and answered. It subsequently filed this motion. Mason responded and GM replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.    STANDARD OF REVIEW

The defense of failure to state a claim upon which relief can be granted, set forth under Federal Rule of Civil Procedure 12(b)(6), can also be made via a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). Stated differently, a Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss made under Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive the motion, a complaint must have "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in favor of the nonmoving party. *Burbach*, 278 F.3d at 406. Conclusory allegations pled in the complaint are undeserving of an assumption of truth and should be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV.    DISCUSSION AND ANALYSIS

GM's motion fails to request that the Court dismiss Mason's SCDA claim. The Court will therefore consider GM's arguments as to Mason's negligent misrepresentation and declaratory judgment claims in that order.

### A.    *Whether the Court should dismiss Mason's negligent misrepresentation claim*

GM argues it is entitled to judgment on the pleadings as to Mason's negligent misrepresentation claim. Mason contends it has offered an allegation as to each element.

To state a claim for negligent misrepresentation, the plaintiff must adequately plead that (1) "the defendant made a false representation;" (2) "the defendant had a pecuniary interest in making the statement;" (3) "the defendant owed a duty of care to communicate truthful information;" (4) "the defendant breached that duty" by failing to exercise due care; (5) "the plaintiff justifiably relied on the representation; and" (6) "the plaintiff suffered a loss as the proximate result of [its] reliance upon the representation." *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292, 298 n.2 (S.C. 1996).

GM focuses on the first and firth elements in its motion, so the Court considers only those elements here.

### 1.    *Whether Mason has identified any actionable representations by GM*

First, GM maintains Mason has failed to identify any actionable statements made by GM. Mason contends GM made promises that it knew it could not, or would not, fulfill.

For a false representation "to be actionable, the representation must relate to a present or pre-existing fact and be false when made" and "'[t]he representation cannot ordinarily be based on unfulfilled promises or statements as to future events.'"  *Koontz v. Thomas*, 511 S.E.2d 407, 413 (S.C. Ct. App. 1999) (quoting *Fields v. Melrose Ltd. P'ship*, 439 S.E.2d 283, 285 (S.C. Ct. App. 1993)).

"An exception to this rule exists only when a person makes a promise 'having at the time no intention of keeping his agreement.'"  *Tom Hughes Marine, Inc. v. Am. Honda Motor Co.*, 219 F.3d 321, 325 (4th Cir. 2000) (quoting *Woodward v. Todd*, 240 S.E.2d 641, 643 (S.C. 1978)).

Mason alleges that GM made promises with no intention of keeping the agreement.  For example, it alleges GM said it would provide thirty-six cars per month, but had no intention of doing so.

Therefore, for purposes of this motion, Mason has alleged an actionable representation sufficient to plausibly state the first element of negligent misrepresentation.

### 2.    *Whether Mason justifiably relied on any representations*

#### a.    *Whether the nonreliance clauses bar Mason's claim*

Next, GM maintains the nonreliance clauses in the Conditional Approval and the Dealer agreement preclude Mason's negligent misrepresentation claim based on pre-contract negotiations.  Mason insists the provisions are unenforceable, and, even if they are enforceable,

5

the Court should look to the totality of the circumstances to determine whether Mason's reliance was reasonable.

Even if a valid nonreliance clause exists, "the precedent in South Carolina is to look to the totality of circumstances to determine whether reliance was justified." *Redwend Ltd. P'ship v. Edwards*, 581 S.E.2d 496, 504 (S.C. Ct. App. 2003).

The nonreliance clauses, then, fail to automatically preclude Mason's negligent misrepresentation claim, even if they are enforceable. The Court thus need not decide their enforceability, but will instead consider the existence of the clauses as a factor in the totality of the circumstances. *See Karsten*, 36 F.3d at 11 ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

> ### b.     *Whether the totality of the circumstances indicate Mason has stated a claim that it justifiably relied on GM's statements*

GM contends Mason had no right to rely on any statements. Mason maintains it has stated a claim for justifiable reliance because GM held the bargaining power and Mason had no way to ascertain that GM's promises were false, even with the exercise of due diligence.

"A determination of justifiable reliance involves the evaluation of the totality of the circumstances, 'including the positions and relations of the parties.'" *West v. Gladney*, 533 S.E.2d 334, 337–38 (S.C. Ct. App. 2000) (quoting *Elders v. Parker*, 332 S.E.2d 563, 567 (S.C. Ct. App. 1985)). "[T]he plaintiff must [also] establish that [its] reliance on the misrepresentation was reasonable." *Id.* at 337. "'There is no liability for casual statements, representations as to matters of law, or matters which plaintiff could ascertain on [its] own in the exercise of due diligence.'" *Id.* (quoting *AMA Mgmt. Corp. v. Strasburger*, 420 S.E.2d 868, 874 (S.C. Ct. App. 1992))

"[I]ssues of reliance are ordinarily resolved by the finder of fact[.]" *Quail Hill, LLC v. Cnty. of Richland*, 692 S.E.2d 499, 508 (S.C. 2010) (internal citation omitted).

The existence of a nonreliance agreement, if valid, would undermine reasonable reliance. But, Mason has alleged that GM had more bargaining power because it controlled distribution of its inventory. Further, it argues there was no alternative source to verify the information GM provided or discover that GM was making false promises. For the purposes of a motion for judgment on the pleadings, Mason has made the minimum allegations of justifiable reliance. GM may raise these arguments again at the summary judgment stage.

The Court will therefore refrain from granting judgment on the pleadings as to Mason's negligent misrepresentation claim.

### B.        Whether the Court should dismiss Mason's declaratory judgment claim

GM maintains the Court should dismiss Mason's declaratory judgment cause of action because it asks the Court to fashion its own standards for the parties moving forward, rather than declare the parties' rights under the contracts and the law. Mason contends it asks the Court for "a declaration as to what GM's inventory allocation process is[.]" Response at 21.

Under the SCDJA, the parties may seek a determination as to "any question of construction or validity arising under the instrument, . . . contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." S.C. Code Ann. § 15-53-30. "The declaration may be either affirmative or negative in form and effect." § 15-53-20.

The complaint alleges "Mason is entitled to have this court determine reasonable performance standards that account for the Manufacturer's own allocation decisions" and "determine an allocation process which results in Mason receiving a reasonable number of vehicles within a reasonable time after ordering." Complaint ¶¶ 66, 68.

The Court thus agrees with GM that, as alleged in the complaint, Mason requests the Court to do more than the SCDJA contemplates. Rather than interpret the construction of the parties'

7

agreement to determine the rights thereunder, Mason appears to ask the Court to, in essence, draft its own set of provisions to govern the parties' relationship.

The Court will thus dismiss Mason's declaratory judgment claim without prejudice. But, the Court will allow Mason to amend its complaint within two weeks of the date of this order to state a plausible claim for declaratory judgment.

## V.    CONCLUSION

For the reasons stated above, it is the judgment of the Court GM's motion for judgment on the pleadings is **GRANTED IN PART AND DENIED IN PART** as described above. Mason's declaratory judgment claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 1st day of February 2023, in Columbia, South Carolina.


s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

8